OFFICE COPY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

08 CV 00901

N.K.,

        Plaintiff,

-against-

TimeLine Web Limited,
Media Zone Limited,
Indianpornnetwork.com,

        Defendants.

**COMPLAINT**

**Jury Trial Demanded**

08 CV ____



Plaintiff, by her attorneys Quinn Emanuel Urquhart Oliver & Hedges, LLP, for her Complaint against Defendants TimeLine Web Limited, Media Zone Limited, and Indianpornnetwork.com, alleges as follows:

### JURISDICTION AND VENUE

1. The jurisdiction of this Court is invoked under 28 U.S.C. § 1332.

2. Venue is proper pursuant to 28 U.S.C. § 1391(a)(2).

### PRELIMINARY STATEMENT

3. Defendants operate adult websites which contain highly graphic sexual content that viewers can access by subscribing to the websites for a fee. Plaintiff is a young woman who has never been involved in or affiliated with the adult/pornography industry in any way. In December 2007, Plaintiff was informed that non-nude photos of her were displayed on Defendants' websites without her consent.

4. The context in which Defendants have displayed the photos of Plaintiff ("the Photographs") falsely represents that Plaintiff is an adult film and picture model, and is thus highly defamatory. Defendants intentionally displayed the Photographs in a manner that

Defendants knew would cause Plaintiff severe emotional distress, and Plaintiff has in fact suffered severe emotional distress as a result of Defendants' conduct. In addition, Defendants are using the Photographs for advertising and marketing purposes without Plaintiff's consent and, thus, Defendants have violated Plaintiffs rights under New York Civil Rights Law § 50.

## PARTIES

### Plaintiff

5. Plaintiff is a 22 year-old female. She is presently employed by a high-profile investment bank on Wall Street. Plaintiff is currently, and was at all times hereinafter mentioned, a resident of New York, New York.

6. Plaintiff is not a public figure, nor has she ever sought publicity of any kind for any purpose.

7. Placing Plaintiff's full name in the public record would subject Plaintiff to further unwanted publicity and would exacerbate the harm Defendants have already caused to her reputation. Accordingly, in an effort to mitigate such harm, Plaintiff has filed this brief under her initials only.

### Defendants

8. Upon information and belief, TimeLine Web Limited owns, operates, and is the registrant of the following websites: www.south-indian-sex.com; www.desi-amateurs.com; www.indianangels.net; www.indianamateurs.net. TimeLine Web has registered each of these websites with Intercosmos Media Group, Incorporated, a New Orleans, Louisiana-based domain registrar ("Intercosmos"). Upon information and belief, TimeLine Web is located in the Seychelles.

9. The aforementioned websites operated by TimeLine Web are commercial websites that sell, among other adult-oriented features, pornographic pictures and movies to

viewers who pay a fee to enter the website. The homepage for each of the websites may be accessed for free by anyone who has an internet connection, but the viewer must pay a fee to access the websites' internal content. Upon information and belief, TimeLine Web derives substantial revenues from interstate commerce, including from customers residing in the State of New York.

10. Upon information and belief, Media Zone Limited owns, operates, and is the registrant of the following websites: www.indianassfuckers.com, and www.indianworldsex.com. Media Zone has registered each of these websites with Intercosmos. Upon information and belief, Media Zone is located in Gibraltar, United Kingdom.

11. The aforementioned websites operated by Media Zone are commercial websites that sell, among other adult-oriented features, pornographic pictures and movies to viewers who pay a fee to enter the website. The homepage for each of the websites may be accessed for free by anyone who has an internet connection, but the viewer must pay a fee to access the websites' internal content. Upon information and belief, Media Zone derives substantial revenues from interstate commerce, including from customers residing in the State of New York.

12. Upon information and belief, Indianpornnetwork.com owns, operates, and is the registrant of the following websites: www.indian-angel-teens.com, and www.indiansexuniversity.com. Indianpornnetwork.com has registered each of these websites with Intercosmos. Upon information and belief, Indianpornnetwork is located in Stavanger, Norway.

13. The aforementioned websites owned by Indianpornnetwork.com are commercial websites that sell, among other adult-oriented features, pornographic pictures and movies to viewers who pay a fee to enter the website. The homepage for each of the websites may be

accessed for free by anyone who has an internet connection, but the viewer must pay a fee to access the websites' internal content. Upon information and belief, Indianpornnetwork.com derives substantial revenues from interstate commerce, including from customers residing in the State of New York.

**Relevant Non-Parties**

14. Intercosmos Media Group, Inc., d/b/a DirectNIC.com, is the registrar of all of the websites owned and operated by, and registered to, TimeLine Web Limited, Media Zone Limited, and Indianpornnetwork.com. Intercosmos Media Group is also the host of those websites owned and operated by, and registered to, Media Zone limited, and Indianpornnetwork.com. Upon information and belief, Intercosmos Media Group was at all times hereinafter mentioned, and still is, a resident of the State of Louisiana.

15. SoftLayer Technologies, Inc., is the host of all websites owned and operated by, and registered to, TimeLine Web Limited. Upon information and belief, SoftLayer Technologies was at all times hereinafter mentioned, and still is, a resident of the State of Texas.

## BACKGROUND AND FACTS

16. Defendants have engaged in an ever growing pattern of posting the Photographs on adult websites that may be viewed by the general public, for purposes of commercial gain and to cause harm to Plaintiff. The Photographs are displayed on Defendants' websites without Plaintiff's consent. The context in which the Photographs are displayed suggests Plaintiff is unchaste, is extremely damaging to Plaintiff's reputation, and has caused Plaintiff severe emotional distress.

17. The Photographs are not pornographic, or in an any way adult-oriented. The Photographs, however, are displayed alongside photos of a highly graphic, adult nature. Most of these other photos depict women totally nude and/or engaged in sexual acts. The Photographs

are also surrounded by vulgar captions indicating that inside the website are photos and videos of Plaintiff nude and/or engaged in sexual acts.

18. Some of the Photographs also serve as "hyperlinks" to other websites. Thus, if the viewer finds a particular photograph appealing he or she can click on it and is then taken to another website where, ostensibly, additional photos and videos of Plaintiff can be found. For example, one photo of Plaintiff on www.indianassfuckers.com serves not only as an enticement to enter that site, but also contains a hyperlink to another site that also sells pornography – www.allindiansex.com – where, it is implied, more photos of Plaintiff can be found and purchased.

19. Upon information and belief, Defendants TimeLine Web Limited, Media Zone Limited, and Indianpornnetwork.com are affiliated entities and/or are owned and operated by the same persons. Websites registered to TimeLine Web contain links to, and advertising for, websites registered to Media Zone and Indianpornnetwork.com; websites registered to Media Zone contain links to, and advertising for, websites registered to TimeLine Web and Indianpornnetwork.com; and websites registered to Indianpornnetwork.com contain links to, and advertising for, websites registered to TimeLine Web and Media Zone. Additionally, certain of the Photographs appear on websites registered to two or more of the Defendants, indicating that the operators of these websites are sharing the Photographs with each other.

20. The manner in which Defendants are displaying the Photographs on their websites falsely represents to the public that Plaintiff is involved in the adult/pornography industry, that she is unchaste, that she has sex for money, that she has consented to having pictures of herself nude and engaged in sexual intercourse posted on websites that can be viewed around the world,

and that she has consented to having her image used as marketing and advertising material for adult/pornographic websites. These representations are false.

21. Plaintiff is an upstanding citizen of the highest moral character and integrity. She is a recent college graduate and currently works in an investment bank where her reputation is essential to her professional success. She has never consented to appearing, and has never appeared, nude on camera. Nor has she ever been affiliated in any way with the adult/pornography industry, or engaged in any even remotely sexual activity for pecuniary gain.

22. The Photographs are displayed without Plaintiff's consent. Plaintiff has never permitted anyone to post the Photographs on adult websites, nor has she ever permitted anyone to use the Photographs for any commercial purpose. Plaintiff does not know how Defendants obtained the Photographs.

23. Plaintiff has contacted Defendants, and Intercosmos and SoftLayer, on numerous occasions demanding that the Photographs be removed, but to no avail. One of the Defendants, TimeLine Web, even acknowledged its responsibility for posting the Photographs and admitted that "we are to blame." TimeLine Web took no action to remove the Photographs from its websites. The Photographs remain on Defendants' websites to this day.

24. Plaintiff is horrified at Defendants' representations of her to the public. She perpetually worries about the potential consequences to her career at the investment bank where she is employed – a conservative establishment where her reputation is critical to her success. Plaintiff is aware that friends and family have seen the Photographs on Defendants' websites, and she fears that more people will see the Photographs on Defendants' websites in the future. Plaintiff has manifested a number of physical symptoms as a direct and proximate consequence

of the stress Defendants' actions have caused her, including intense headaches, severe anxiety, nausea, vomiting, and sleeplessness.

25.  Defendants knew when they posted the Photographs that they did not have Plaintiff's consent. Defendants also knew that the context in which they displayed the Photographs would cause great harm to Plaintiff's reputation, would cause Plaintiff severe emotional distress, and violated Plaintiff's rights under New York law. In posting the Photographs Defendants clearly intended to cause Plaintiff harm.

26.  Defendants have also posted photos of other young women on their adult websites without the women's consent, some of whom are friends of Plaintiff and also reside in New York. Upon information and belief, Defendants regularly post photos of women on their adult websites without the women's consent, causing harm to these women similar to that caused to Plaintiff.

27.  Defendants' conduct is thus morally culpable, and is actuated by evil and reprehensible motives.

## FIRST CAUSE OF ACTION

### (Against All Defendants for Defamation)

28.  Plaintiff repeats and realleges, as if set forth herein, the allegations of all of the preceding paragraphs.

29.  The Photographs that Defendants have displayed on their adult websites are displayed without Plaintiff's consent.

30.  The context in which the Photographs are displayed clearly implies that nude photos of Plaintiff and/or photos of Plaintiff engaged in sexual acts are available for viewing within the websites.

7

31. By displaying the Photographs in this way, Defendants have given and continue to give the public the mistaken impression that Plaintiff is involved in the adult/pornography industry, that she has sex for money, that she has consented to having pictures of herself nude and engaged in sexual intercourse posted on websites viewed around the world, and that she has consented to having her image used as marketing and advertising material for adult/pornographic websites. These suggestions are false, libelous and highly defamatory.

32. In addition, these suggestions impute unchastity to the Plaintiff, and are thus libelous per se.

33. By reason of Defendant's defamatory conduct, Plaintiff has been injured in her good name and reputation and has been damaged in an amount not less than $5,000,000.

## SECOND CAUSE OF ACTION

**(Against All Defendants for Intentional Infliction of Emotional Distress)**

34. Plaintiff repeats and realleges, as if set forth herein, the allegations of all of the preceding paragraphs.

35. By displaying the Photographs on their adult/pornographic websites in the aforementioned manner and without Plaintiff's consent Defendants have falsely represented and continue to falsely represent to the public that Plaintiff is involved in the adult/pornography industry, that she has sex for money, that she has consented to having pictures of herself nude and engaged in sexual intercourse posted on websites viewed around the world, and that she has consented to having her image used as advertising and marketing material for adult/pornographic websites.

36. Defendants' conduct is so extreme and outrageous that it goes beyond all possible bounds of decency. Defendants' conduct would be regarded as atrocious and utterly intolerable in any civilized community.

37. In knowingly posting the Photographs without Plaintiff's consent on Defendants' adult/pornographic websites, Defendants intended to cause, or, at the very least, disregarded a substantial probability of causing, severe emotional distress to Plaintiff.

38. Defendants have in fact caused Plaintiff to experience severe emotional distress. Plaintiff constantly worries about the harm Defendants have caused to her reputation with friends and family, and is terrified about the negative effects this incident may have on her career. Plaintiff's emotional distress has manifested in a number of physical symptoms, including intense headaches, severe anxiety, nausea, vomiting, and sleeplessness.

39. Thus, as a direct and proximate cause of Defendants' conduct, Plaintiff has suffered severe emotional distress and has been damaged in an amount not less than $5,000,000.

### THIRD CAUSE OF ACTION

**(Against All Defendants for Violating Plaintiff's Right To Privacy Guaranteed By New York Civil Rights Law § 50)**

40. Plaintiff repeats and realleges, as if set forth herein, the allegations of all of the preceding paragraphs.

41. Defendants have used the Photographs, without Plaintiff's consent, to advertise and market the pornography they sell on their websites, and to advertise and promote other commercial adult websites that they own and/or are affiliated with.

42. By and through the unauthorized use of photos of Plaintiff for advertising purposes, Defendants each have violated Plaintiff's rights under New York Civil Rights Law § 50.

43. By reason of such unauthorized and unlawful use, Plaintiff has suffered irreparable harm and has been damaged in an amount not less than $5,000,000.

WHEREFORE, Plaintiff demands judgment as follows:

On the first, second, and third causes of action, Plaintiff demands judgment against Defendants for compensatory damages in a sum not less than $5,000,000, together with the costs and disbursements of this action. In addition, Plaintiff demands judgment against Defendants for punitive damages. Plaintiff also demands that Defendants be permanently enjoined from continuing to display photos of Plaintiff on their websites, from ever displaying photos of Plaintiff on their websites in the future, and from maintaining, storing and/or transmitting to others any photos of Plaintiff that Defendants currently possess.

DATED: New York, New York
January 23, 2008

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

By: _____
Stephen Broome
stephenbroome@quinnemanuel.com

51 Madison Avenue, 22nd Floor
New York, New York 10010-1601
(212) 849-7000

Attorney for Plaintiff